UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAISY TRUST, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> WELLS FARGO BANK, N.A.; MTC FINANCIAL, ) <br> INC., *doing business as* TRUSTEE CORPS, ) <br> DONALD K. BLUME and CYNTHIA S. BLUME, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:13-cv-00777-GMN-VCF <br><br> **ORDER** |

## I. BACKGROUND

This case arises from a dispute over the ownership of real property located at 10209 Dove Row Avenue, Las Vegas, Nevada ("Subject Property"). (Compl ¶ 1, ECF No. 1-2.) Plaintiff claims that it obtained title to the Subject Property by way of a foreclosure deed stemming from "a delinquency in assessments due from the former owner to the Westminster at Providence Association, pursuant to NRS Chapter 116." (*Id.* ¶ 3.) Plaintiff's Complaint recognizes that Defendant Wells Fargo Bank NA ("Wells Fargo") is the assignee of a deed of trust that was recorded as an encumbrance on the Subject Property (*id.* ¶ 4), Defendant MTC Financial *doing business as* Trustee Corps ("MTC") is the trustee on the deed of trust (*id.* ¶ 5), and Defendants Donald K. Blume and Cynthia S. Blume ("Blume Defendants") are the former owners of the Subject Property (*id.* ¶ 8). However, Plaintiff's Complaint further alleges that "[t]he interest of each of the defendants has been extinguished by reason of the foreclosure sale resulting from a delinquency in assessments due from the former owners . . . pursuant to NRS Chapter 116." (*Id.* ¶ 9.)

After the alleged passage of title to Plaintiff, Wells Fargo "recorded a notice of default

and election to sell under it's [sic] deed of trust pursuant to NRS 107.08." (*Id.* ¶ 10.)  In response, Plaintiff filed the instant action in Nevada state court seeking (1) an injunction prohibiting the foreclosure sale from proceeding (*id.* ¶ 12); (2) "a determination from this [C]ourt, pursuant to NRS 40.010 that the plaintiff is the rightful owner of the property and that the defendants have no right, title, interest or claim to the subject property (*id.* ¶ 15); and (2) a declaration from this [C]ourt, pursuant to NRS 40.010, that title in the property vested in plaintiff free and clear of all liens and encumbrances, that the defendants herein have no estate, right, title or interest in the property, and that defendants are forever enjoined from asserting any estate, title, right, interest, or claim to the subject property adverse to the plaintiff" (*id.* ¶ 18). Subsequently, pursuant to 28 U.S.C. § 1441(a), Wells Fargo removed the action to this Court claiming that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). (*See* Notice of Removal 2:15-20, ECF No. 1.)  Specifically, Wells Fargo claims that complete diversity exists among the parties because Plaintiff is a citizen of Nevada and because "none of the properly joined Defendants are citizens of Nevada." (*Id.* at 2:22-28.)  Additionally, Wells Fargo asserts that the amount in controversy requirement is met because the value of the Subject Property exceeds $75,000. (*Id.* at 6:4-18.)

## II.     DISCUSSION

If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).  In this case, Wells Fargo asserts only that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).  District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

Here, neither party disputes that the amount in controversy requirement is met.  However, Wells Fargo has failed to establish diversity of citizenship between the Plaintiff and all of the Defendants.  In its Notice of Removal, Wells Fargo recognized that both Plaintiff and the Blume Defendants are citizens of Nevada. (Notice of Removal 2:23-25, 3:6-8, ECF No. 1.) Nevertheless, Wells Fargo argues that the citizenship of the Blume Defendants should not be considered in the diversity calculus because they are fraudulently joined defendants. (*Id.* at 3:11-12.)

It is well established that "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  There are two ways to establish fraudulent joinder: (1) the defendant may facially attack plaintiff's complaint by showing the inability of the plaintiff to establish a cause of action against the non-diverse defendant based on the plaintiff's allegations or (2) the defendant may attempt to disprove jurisdictional facts alleged in the plaintiff's pleadings. *See Hunter v. Philip Morris USA,* 582 F.3d 1039, 1044 (9th Cir.2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

Here, Wells Fargo asserts that each of the three claims fail as a matter of law as asserted against the Blume Defendants. As to Plaintiff's first cause of action for injunctive relief, the Court agrees that it fails as a matter of law. First, injunctive relief is a remedy and not a cognizable cause of action. Second, even if it was a cognizable cause of action, this claim is directed solely at enjoining Wells Fargo from conducting the pending foreclosure sale. In contrast, Wells Fargo has not carried its burden in establishing that Plaintiff's second and third causes of action fail as to the Blume Defendants. Plaintiff's second cause of action is essentially a quiet title claim and Plaintiff's third cause of action seeks a declaration that Plaintiff is vested with title to the Subject Property free and clear of all liens and encumbrances. The Blume Defendants owned the property prior to Plaintiff's alleged acquisition of the property through the foreclosure that resulted due to the Blume Defendants' delinquency on assessments. Accordingly, in order to quiet title to the Subject Property, the Blume Defendants are an important party. The fact that Plaintiff asserts in its Complaint that the Blume Defendants no longer have an ownership interest is irrelevant in determining whether they are fraudulently joined defendants. This statement is merely an allegation that is consistent with Plaintiff's claim that it holds title to the Subject Property.

For these reasons, Wells Fargo has failed to carry its burden of establishing that this Court has subject matter jurisdiction over this case.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that this case is remanded to the Eighth Judicial District Court.

**DATED** this 7th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge